UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DILYARA M. CANNON,

    Plaintiff,

v.

ARON ROGERS; et al.,

    Defendants.

2:10-CV-0909-LRH-RJJ

ORDER

Before the court is defendant John Unterborn's ("Unterborn") motion to dismiss the amended complaint. Doc. #27.[1] Plaintiff Dilyara M. Cannon ("Cannon") filed an opposition (Doc. #41) to which Unterborn replied (Doc. #43).

**I.    Facts and Procedural History**

This action concerns the National Resident Matching Program ("NRMP"), a placement program that matches medical resident applicants with graduate medical education programs at teaching hospitals across the country. Defendant Unterborn is the individual program director for the internal medicine program at Caritas St. Elizabeth's Medical Center of Boston, Inc. ("Caritas"), a teaching hospital located in Boston, Massachusetts. Unterborn, as director or Caritas, is the designated Caritas NRMP program director and representative.

---

[1] Refers to the court's docketing number.

Plaintiff Cannon is a medical school graduate and resident applicant who submitted residency applications through NRMP for both the 2008 and 2009 matching years to Caritas and several other residency programs. Cannon did not receive any residency placements in either 2008 or 2009.

On June 14, 2010, Cannon filed a complaint against defendants. Doc. #1. Subsequently, Cannon filed an amended complaint against defendants alleging three causes of action: (1) RICO violation; (2) RICO conspiracy; and (3) fraud. Doc. #16. Specifically, Cannon alleges that the NRMP enterprise fraudulently states that it provides an impartial venue for residency applicants to find residency matches when in actuality it provides preference to current U.S. medical school seniors in each matching year. Thereafter, Unterborn filed the present motion to dismiss the amended complaint. Doc. #27.

## II.     Legal Standard

Defendant Unterborn seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the complaint is not pled with sufficient particularity in accordance with Rule 9 of the Federal Rules of Civil Procedure.

Pursuant to Rule 9, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see also Berry v. Valence Tech, Inc.*, 175 F.3d 699, 706 (9th Cir. 1999). In order to meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the fraud as well as the parties involved and their individual participation. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where when, and how of the misrepresentation).

Claims for civil racketeering must be plead with comparable specificity. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each

1 defendant in the scheme). Additionally, a plaintiff must plead two predicate acts of racketeering
2 activity. *See* 18 U.S.C. § 1961(5).

**III.    Discussion**

In the amended complaint, Cannon alleges that defendant Unterborn, as the designated NRMP representative and program director of Caritas, was aware of the NRMP's fraudulent representation that it offered an impartial venue for residency applicants while in reality it provided a policy of placement to less qualified U.S. medical school seniors over more experienced and qualified prior graduates. *See* Doc. #16. Cannon further alleges that Unterborn personally acted in NRMP's conspiracy by rejecting her residency application to Caritas and making a notation on her application that she graduated prior to 2000. *Id.*

The court has reviewed the allegations in the amended complaint, along with the documents and pleadings on file in this matter, and finds that Cannon has not sufficiently pled a cause of action for fraud or civil racketeering against defendant Unterborn. As to Cannon's fraud claim, there are no allegations in the amended complaint that Unterborn himself made any fraudulent representations to Cannon about impartiality in the residency application process. Further, the representations that the NRMP provides and impartial and competitive application process are alleged to only appear on the NRMP website: there are no allegations that Unterborn drafted or published this representation. Thus, Cannon fails to state a claim for fraud against defendant Unterborn.

Additionally, Cannon has failed to sufficiently pled her causes for civil racketeering. The allegations in the amended complaint amount to nothing more than general, conclusory allegations that Unterborn engaged in a pattern fo racketeering activity. Cannon has failed to plead any allegations specific to Unterborn's role in NRMP's alleged fraud sufficient to establish a claim for civil racketeering. *See Moore*, 885 F.2d at 541. Accordingly, the court shall grant Unterborn's motion to dismiss the amended complaint.

IT IS THEREFORE ORDERED that defendant's motion to dismiss the amended complaint (Doc. #27) is GRANTED. Defendant John Unterborn is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 15th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE