UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DILYARA M. CANNON, | ) |
| | ) |
| Plaintiff, | ) 2:10-CV-0909-LRH-RJJ |
| | ) |
| v. | ) |
| | ) ORDER |
| ARON ROGERS; et al., | ) |
| | ) |
| Defendants. | ) |

Before the court is defendant Aron Rogers ("Rogers") and Sandhya Wahi-Gururaj's ("Wahi-Gururaj) (collectively "defendants") motion to dismiss the amended complaint. Doc. #48.[1] Plaintiff Dilyara M. Cannon ("Cannon") filed an opposition (Doc. #49) to which defendants replied (Doc. #50).

## I.    Facts and Procedural History

This action concerns the National Resident Matching Program ("NRMP"), a placement program that matches medical resident applicants with graduate medical education programs at teaching hospitals across the country. Defendants Rogers and Wahi-Gururaj are the individual program directors for the family and internal medicine programs for the University of Nevada, School of Medicine ("UNSOM"). Defendants, as program directors, are the designated NRMP

---

[1] Refers to the court's docketing number.

program directors and representatives for UNSOM.

Plaintiff Cannon is a medical school graduate and resident applicant who submitted residency applications through NRMP for both the 2008 and 2009 matching years to UNSOM and several other residency programs. Cannon did not receive any residency placements in either 2008 or 2009.

On June 14, 2010, Cannon filed a complaint against defendants. Doc. #1. Subsequently, Cannon filed an amended complaint against defendants alleging three causes of action: (1) RICO violation; (2) RICO conspiracy; and (3) fraud. Doc. #16. Specifically, Cannon alleges that the NRMP enterprise fraudulently states that it provides an impartial venue for residency applicants to find residency matches when in actuality it provides preference to current U.S. medical school seniors in each matching year. Thereafter, defendants filed the present motion to dismiss the amended complaint. Doc. #48.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the complaint is not pled with sufficient particularity in accordance with Rule 9 of the Federal Rules of Civil Procedure.

Pursuant to Rule 9, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see also Berry v. Valence Tech, Inc.*, 175 F.3d 699, 706 (9th Cir. 1999). In order to meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the fraud as well as the parties involved and their individual participation. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where when, and how of the misrepresentation).

Claims for civil racketeering must be plead with comparable specificity. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations under

1 | section 1962(c) must identify the time, place, and manner of each fraud plus the role of each
2 | defendant in the scheme). Additionally, a plaintiff must plead two predicate acts of racketeering
3 | activity. *See* 18 U.S.C. § 1961(5).

**III.   Discussion**

In the amended complaint, Cannon alleges that defendants Rogers and Wahi-Gururaj, as the designated NRMP representatives and program directors for the family and internal medicine programs at UNSOM, were aware of NRMP's fraudulent representation that it offered an impartial venue to residency applicants. *See* Doc. #16.

The court has reviewed the allegations in the amended complaint, along with the documents and pleadings on file in this matter, and finds that Cannon has not sufficiently pled a cause of action for fraud or civil racketeering against defendants. As to Cannon's fraud claim, there are no allegations in the amended complaint that defendants themselves made any fraudulent representations to Cannon about impartiality in the residency application process. Further, there are no allegations that defendants drafted or published the representations that the NRMP provides an impartial and competitive application process. Thus, the court finds that Cannon has failed to state a cause of action for fraud.

Additionally, Cannon has failed to sufficiently plead her causes of action for civil racketeering. The allegations in the amended complaint amount to nothing more than general, conclusory allegations that defendants engaged in a pattern fo racketeering activity. Cannon has failed to plead any allegations specific to the defendants' role in NRMP's alleged fraud sufficient to establish a claim for civil racketeering. *See Moore*, 885 F.2d at 541. Accordingly, the court shall grant defendants' motion to dismiss the amended complaint.

///

///

///

IT IS THEREFORE ORDERED that defendants' motion to dismiss the amended complaint (Doc. #48) is GRANTED. Defendants Aron Rogers and Sandhya Wahi-Gururaj are DISMISSED as defendants.

IT IS SO ORDERED.

DATED this 6th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE